[Dkt. No. 1]

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ROBERT S. BLADES,<br><br>    Plaintiff,<br><br>        v.<br><br>PAUL M. DEJOSEPH, D.O.; WORKNET OCCUPATIONAL MEDICINE,<br><br>    Defendants. | Civil No. 20-3239 (RMB/KMW)<br><br>**OPINION** |

**RENÉE MARIE BUMB**, UNITED STATES DISTRICT JUDGE:

This matter comes before the Court upon the filing of a pro se Complaint [Dkt. No. 1], by Plaintiff Robert S. Blades ("Plaintiff"), against Dr. Paul M. DeJoseph, D.O. and WorkNet Occupational Medicine ("Defendants"). In his pro se Complaint, Plaintiff attempts to assert claims for medical malpractice, pursuant to 22 U.S.C. § 2702. Along with his Complaint, Plaintiff filed an application for permission to proceed in forma pauperis ("IFP")[Dkt. No. 1-1]. For the reasons set forth herein, Plaintiff's IFP Application will be **GRANTED**, and the Court will order the Clerk of the Court to open this matter and file the Complaint on the docket. However, because Plaintiff is proceeding IFP, the Court is required to screen his Complaint for sua sponte dismissal and finds that it should be **DISMISSED**.

**I.     IFP APPLICATION**

When a non-prisoner files an IFP Application, seeking permission to file a civil complaint without the prepayment of fees, under 28 U.S.C. § 1915, the applicant is required to submit an affidavit that sets forth his or her assets and attests to the applicant's inability to pay the requisite fees. See 28 U.S.C. § 1915(a); Roy v. Penn. Nat'l Ins. Co., 2014 WL 4104979, at *1 n.1 (D.N.J. Aug. 19, 2014) (internal citations omitted). The decision whether to grant or to deny the application should be based upon the economic eligibility of the applicant, as demonstrated by the affidavit. See Sinwell v. Shapp, 536 F.2d 15, 19 (3d Cir. 1976). Upon review, the Court finds that Plaintiff, who alleges that he has no income, only a few thousand dollars in assets, and lives in his car, has established that he lacks the financial ability to pay the filing fee.  Accordingly, the Court will grant Plaintiff's IFP Application.

**II.    LEGAL STANDARD FOR *SUA SPONTE* DISMISSAL**

Once an IFP Application has been granted, the Court is required to screen the Complaint and dismiss the action sua sponte "if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards." See 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); Ball v.

2

Famiglio, 726 F.3d 448, 452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6) and/or dismiss any defendant who is immune from suit. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b), and 42 U.S.C. § 1997e(c).

To survive sua sponte screening for failure to state a claim, a complaint must allege "sufficient factual matter" to show that the claim is facially plausible. Fowler v. UPMS Shadyside, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fair Wind Sailing, Inc. v. Dempster, 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In screening a complaint to verify whether it meets these standards, however, this Court is mindful of the requirement that pro se pleadings must be construed liberally in favor of the plaintiff. Haines v. Kerner, 404 U.S. 519, 520– 21(1972).

**III. DISCUSSION**

Upon review of Plaintiff's pro se Complaint, the Court finds that it lacks subject matter jurisdiction over Plaintiff's claims. In the pro se Complaint, Plaintiff attempts to assert claims for medical malpractice against Defendants Dr. DeJoseph and WorkNet Occupational Medicine, seeking compensatory damages for medical bills, lost wages, and pain and suffering. Plaintiff contends that this Court has subject matter jurisdiction over his claims because they raise a federal question under 22 U.S.C. § 2702. However, "Section 2702 pertains to actions for malpractice of physicians who work for the Department of State of any other federal department, agency or instrumentality." Thomas v. Griffin Mem'l Hosp., 9 F.3d 1557 (10th Cir. 1993). On this point, neither Dr. DeJoseph nor WorkNet Occupational Medicine are alleged to have any affiliation with the federal government. Plaintiff also fails to satisfy the requirements for subject matter jurisdiction on the basis of diversity of citizenship.[1] As such, Plaintiff's Complaint will be dismissed because this Court lacks subject matter jurisdiction.

---

[1] Because Plaintiff and Defendants are citizens of New Jersey, and Plaintiff's alleged damages are only $58,000, this Court lacks subject matter jurisdiction on the basis of diversity of citizenship, pursuant to 28 U.S.C. § 1331.

4

## IV. CONCLUSION

For the reasons stated herein, Plaintiff's application to proceed in forma pauperis will be **GRANTED**.  Upon screening, however, Plaintiff's Complaint will be **DISMISSED** for failure to establish subject matter jurisdiction.  An appropriate Order shall issue on this date.


**DATED:** April 16, 2020


                                                        s/Renée Marie Bumb
                                                       RENÉE MARIE BUMB
                                                       UNITED STATES DISTRICT JUDGE